```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| AHMED AL-JAYASHI, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3028 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | MEMORANDUM AND ORDER |
| SECURITY, Michael Chertoff, | ) | |
| Secretary of, UNITED STATES | ) | |
| CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, Emilio Gonzalez, | ) | |
| Director of, CAROLINE PRATT, | ) | |
| Acting Field Office Director | ) | |
| of the USCIS for Omaha, | ) | |
| MICHELLE PERRY, Acting | ) | |
| District Director for | ) | |
| District 15, and UNITED | ) | |
| STATES ATTORNEY GENERAL, | ) | |
| Alberto Gonzales, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Ahmed Al-Jayashi, has filed a complaint for naturalization pursuant to 8 U.S.C. § 1447(b).  Filing 1. Al-Jayashi alleges he is a citizen of Iraq, a legal permanent resident of the United States, and a resident of Nebraska who applied for naturalization on July 30, 2002.  Al-Jayashi alleges he was examined on November 21, 2002 by the U.S. Citizenship & Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1446 in connection with his application for naturalization.  He claims that more than 120 days have passed since that examination, but no determination has been made granting or denying the application.  Pursuant to the authority of 8 U.S.C. § 1447(b), the plaintiff therefore seeks a judicial determination granting his application for naturalization.

Pending before me is the government's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for an order remanding this case pursuant to 8 U.S.C. § 1447(b) so that the USCIS can complete its investigation of plaintiff's eligibility and render a determination.[1]  Filing 25.  Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Under 8 U.S.C. § 1446(b), USCIS employees designated by the Attorney General are authorized to conduct "examinations" upon applications for naturalization.  These USCIS employees are authorized to take testimony under oath, subpoena witnesses to testify, require the production of documents and, if needed, seek the court's assistance in carrying out these responsibilities.  "The record of the examination authorized by this subsection shall be admissible as evidence in any hearing conducted by an immigration officer under section 1447(a) of this title.  Any such employee shall, at the examination, inform the applicant of the remedies available to the applicant under section 1447 of this title."  8 U.S.C.A. § 1446(b).

---

[1] See filing 19, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge," and 28 U.S.C. § 636(c).

1.  <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>.

The court's ruling on the government's motion to dismiss for lack of subject matter jurisdiction rests on the meaning of "examination" as that term is in 8 U.S.C. § 1446(b).  Relying on the reasoning first expressed in <u>Danilov v. Aguirre</u>, 370 F.Supp.2d 441 (E.D. Va. 2005)(Ellis, J.),[2] the government urges that the term "examination" refers to not only the USCIS interview the plaintiff underwent on November 21, 2002, but the entire information gathering process necessary for evaluating applications for naturalization.  The government has offered evidence showing that the Al-Jayashi's application has not been adjudicated by the USCIS because, due to a serious backlog, the Federal Bureau of Investigation (FBI) has not completed security checks for this applicant.  Filing 27, att. 1, (Zarybnicky Declaration), ¶ 7; att. 2 (Cannon Declaration), ¶ 22).  According to the government, since the FBI security check is a prerequisite to completing Al-Jayashi's examination under § 1446(b), his examination is incomplete.  Therefore, 120 days have not elapsed since the completion of Al-Jayashi's examination so as to vest this court with subject matter jurisdiction over his application. <u>Danilov</u>, 370 F. Supp. 2d at 445 (dismissing the plaintiff's claim for lack of subject matter jurisdiction because the USCIS "examination" was incomplete where the USCIS had interviewed the plaintiff but the mandatory FBI criminal background check was not complete).

---

[2]See also <u>Lahrar v. U.S. Citizenship and Immigration Services</u>, 2007 WL 1390665, *1 (E.D. Va. May 8, 2007)(Ellis, J.). But see also <u>Manzoor v. Chertoff</u>, 472 F. Supp. 2d 801, 804 (E.D. Va. 2007)(Beach, J.).

The plaintiff strenuously argues that his "examination" was completed on November 21, 2002. He claims an FBI security check is not part of the "examination" under either the language of § 1446(b) or the agency's implementing regulations. The plaintiff cites to several cases disagreeing with the <u>Danilov</u> analysis. Indeed, the vast majority of district courts addressing the issue have rejected <u>Danilov</u>'s reasoning, and have held that the term "examination" as set forth in 8 U.S.C. § 1446(b) refers to a specific event, the applicant's interview by the USCIS, and not the ongoing investigative process with its requisite FBI security checks. See, e.g. <u>Silebi De Donado v. Swacina</u>, 2007 WL 1417600, *1 (S.D. Fla. May 14, 2007); <u>Weir v. Gonzales</u>, 2007 WL 1430109, *2 (W.D. Wash. May 14, 2007); <u>Elaloul v. Hansen</u>, 2007 WL 1299274, *2 (N.D. Ohio May 1, 2007); <u>Lin v. Secretary, U.S. Dept. of Homeland Sec</u>., 2007 WL 1231482, *2 (W.D.N.Y. April 24, 2007); <u>Neqam v. U.S.</u>, 480 F. Supp. 2d 877, 881 (N.D. Tex. 2007); <u>Mahd v. Chertoff</u>, 2007 WL 891867, *2 (D. Colo. March 22, 2007); <u>Manzoor v. Chertoff</u>, 472 F.Supp.2d 801, 804 (E.D. Va. 2007)(Beach, J.); <u>Kheridden v. Chertoff</u>, 2007 WL 674707, *5 (D.N.J. February 28, 2007); <u>Khelifa v. Chertoff</u>, 433 F. Supp. 2d 836, 843 (E.D. Mich. 2006); <u>Shalabi v. Gonzales</u>, 2006 WL 3032413, *2 (E.D. Mo. October 23, 2006); <u>Khan v. Chertoff</u>, 2006 WL 2009055, *2 (D. Ariz. July 14, 2006); <u>Meyersiek v. U.S. Citizenship and Immigration Service</u> 2006 WL 1582397, *3 (D.R.I. June 6, 2006); <u>Daami v. Gonzales</u>, 2006 WL 1457862, *4 (D.N.J. May 22, 2006); <u>Al-Kudsi v. Gonzales</u>, 2006 WL 752556, *2 (D. Or. Mar 22, 2006); <u>Shalan v. Chertoff</u>, 2006 WL 42143, *1 (D. Mass. Jan 06, 2006); <u>Essa v. U.S. Citizenship and Immigration Services</u>, 2005 WL 3440827, *2 (D. Minn. December 14, 2005); <u>El-Daour v. Chertoff</u>, 417 F. Supp. 2d 679 (W.D. Pa. 2005).

4

The majority viewpoint was very recently adopted in this forum. Khan v. Gonzales, 2007 WL 1560321, *2 (D. Neb. May 29, 2007). Under nearly identical facts, the Honorable Laurie Smith Camp rejected the government's argument that an "examination" under 8 U.S.C. 1446 encompasses securing an FBI security check. The court reasoned:

> § 1446(b) "makes clear that an examination is not a single event, but instead is essentially a process the agency follows to gather information concerning the applicant. I do not find the reasoning in Danilov persuasive. A plain reading of §§ 1446(b) and 1447(b) cannot be reconciled with the Defendant's argument that the examination is composed of the entire naturalization process. Section 1446(b) states that "any such employee shall, *at* the examination, inform the applicant of the remedies available." (Emphasis added). Crucial is the word "at." This indicates that the drafters contemplated the examination occurring at a specific time and specific place. It is apparent that the drafters considered the examination to be an event and not a process. Moreover, in El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681 (W.D. Pa. 2005), the court noted that § 1447(b) states "the date on which the examination is conducted." As that court stated, "this contemplates that the examination occurs on a particular, identifiable, date." Id. The process that the Defendant urges this court to accept as "the examination" is the consideration of the entire application over many months or years, which simply does not comport with the wording of the statute.

Khan v. Gonzales, 2007 WL 1560321 at *2.

I agree with the reasoning and determination set forth in Khan. I further note that the USCIS's implementing regulations indicate the agency itself interprets the statutory meaning of "examination" to be the interview and not the entire investigative process. 8 C.F.R. § 335.2(b) differentiates between the examination and the criminal background checks by

5

providing that USCIS notify the applicant to appear for the "initial examination" after the background check is complete. Had that regulation been followed in Al-Jayashi's case, the current quagmire could have been avoided.

"Case law and a reasonable reading of §§ 1446(b) and 1447(b) support the conclusion that the "examination" is completed when the USCIS finishes its interview of the applicant." Khan v. Gonzales, 2007 WL 1560321, at *2. Al-Jayashi's § 1446 examination was completed when his interview ended on November 21, 2002. More than 120 days have passed since that completion date. Accordingly, pursuant to 8 U.S.C. § 1447(b), this court has subject matter jurisdiction over the plaintiff's application for naturalization.

    2.   Motion for Remand.

When the court has jurisdiction over an application for naturalization, it "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Al-Jayashi claims the court should rule on his application for naturalization and should not remand this action for agency determination because he has already waited five years for the USCIS to act.

Though the court is cognizant of Al-Jayashi's frustration with the delay in the adjudication of his application, "[g]enerally speaking, a court ... should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 16 (2002). As applicable to the specific circumstances of Al-Jayashi's case, the court, like the USCIS, cannot adjudicate the application

until the Al-Jayashi's FBI background check is complete. Shalabi v. Gonzales, 2006 WL 3032413, *4 (E.D. Mo. October 23, 2006). Even with this information, the court is not equipped to render a decision. "[I]t is one matter, after all, to review the results of [Al-Jayashi's] background check, but another matter entirely to interpret these results." Khan, 2007 WL 1560321 at *3 (quoting Khelifa v. Chertoff, 433 F. Supp. 2d 836, 843 (E.D. Mich 2006)). As further explained by Judge Smith Camp:

> I am not in a position to conduct my own examination of [Al-Jayashi's] background. I neither have the resources nor the expertise to complete such a task. On the contrary, this task is best left to the FBI. Further, the USCIS has extensive knowledge and experience in evaluating the merits of a naturalization application. As such, the USCIS is in a better position to review and interpret the results of the FBI background check and to determine the status of [Al-Jayashi's] application.

Khan, 2007 WL 1560321 at *3.

I shall therefore grant the government's motion for remand. 8 U.S.C. § 1447(b) authorizes the court to remand a case to the USCIS "with appropriate instructions." Since nearly five years have passed since Al-Jayashi was interviewed, instructions are appropriate in this case. Kheridden v. Chertoff, 2007 WL 674707 at *5 ("Because the background check has now been pending for over four years, remand to CIS without instructions is not appropriate.").

Accordingly, the court will remand this case to the USCIS, but will further direct that agency to use its best efforts to determine the status of plaintiff's FBI background check, and expedite that process. While awaiting the results of the FBI background check, the defendants will be required to file a

report with this court, with any supporting documentation, every thirty (30) days regarding the status of the FBI background check and the defendants' efforts to obtain and expedite those results. To hopefully facilitate the agency's efforts with the FBI, the USCIS will be ordered to forward a copy of this decision to the appropriate FBI authorities.  Once the USCIS receives the results of the FBI background check, it will be directed to make a decision on plaintiff's naturalization application as expeditiously as reasonably possible, but no later than sixty days after receipt of the FBI background check results.  Until such time as a decision is made by the USCIS, the Court will retain jurisdiction to enforce this order and consider alternative remedies should the agency's efforts prove to be fruitless.  See <u>Kheridden v. Chertoff</u>, 2007 WL 674707 at *5.

   IT THEREFORE HEREBY IS ORDERED:  The Government's Motion to Dismiss Or, in the Alternative, Motion to Remand, filing 25, is denied in part and granted in part, as follows:

   1. To the extent the motion seeks dismissal for lack of subject matter jurisdiction, the motion is denied;

   2. The motion is granted insofar as it seeks a remand of this action pursuant to 8 U.S.C. § 1447(b); and

   3. This matter is remanded to the United States Citizenship and Immigration Services with the following instructions:

      a. The agency shall use its best efforts to determine the status of plaintiff's FBI background check and expedite that process.

      b. The USCIS shall promptly forward a copy of this decision to the appropriate FBI authorities.

      c. Until the defendants receive the results of the FBI background check, they shall file a report with this court, with any supporting documentation, every thirty (30) days beginning on

        July 1, 2007 regarding the status of the FBI background check and the defendants' efforts to obtain and expedite those results.

    d.    After receiving the results of the FBI's background check, the USCIS shall issue its decision on plaintiff's naturalization application as expeditiously as reasonably possible, but no later than sixty days after receiving the FBI background check results.

    e.    Once a decision is issued on the plaintiff's application for naturalization, the USCIS shall promptly file a notice stating that a decision has been issued and the plaintiff has been notified.  The outcome or content of the decision need not be provided to the court.

5.    Until such time as a decision is made by the USCIS, the court will retain jurisdiction to consider alternative remedies and/or enforce the terms of this order of remand.

DATED this 11th day of June, 2007.

                BY THE COURT:

                s/ *David L. Piester*
                David L. Piester
                United States Magistrate Judge